SIG & SOL FREIBERG V. CLEVELAND, C. C. C. & ST. L. RY. ET AL.

LIABILITY OF CARRIER FOR LOSS OF GOODS SEVERAL MONTHS AFTER CONSIGNOR'S DEMAND FOR TRACER AND RETURN OF GOODS.

> The consignor has the right to demand, and a carrier the duty to comply therewith, that goods shipped to a consignee be traced and returned upon failure or refusal of the consignee to receive them. Hence, where a carrier upon receiving a demand that certain goods be traced apparently acquiesces therein, but in fact takes no action for several months during which time the goods are destroyed by the burning of a warehouse in which they were stored by a connecting carrier on re- fusal of the consignee to receive them, the carrier is liable as a matter of law to the consignee for the loss sustained.

ERROR to Cincinnati superior court.

**Cobb, Howard & Bailey** and **C. E. Tenney,** for plaintiffs:

Cited and commented upon the following authorities: *Lake Erie & W. Ry.* v. *Hatch*, 52 Ohio St. 408 [39 N. E. Rep. 1042]; *Union Pac. Ry.* v. *Moyer*, 40 Kan. 184 [19 Pac. Rep. 639; 10 Am. St. Rep. 183]; *East Tennessee V. & G. Ry.* v. *Kelly*, 91 Tenn. 699 [20 S. W. Rep. 312; 17 L. R. A. 691; 30 Am. St. Rep. 902]; *Richmond & D. Ry.* v. *Benson,*

Hamilton County.

86 Ga. 203 [12 S. E. Rep. 357; 22 Am. St. Rep. 446]; *Kansas City, Ft. S. & G. Ry.* v. *Morrison,* 34 Kan. 502 [9 Pac. Rep. 225; 55 Am. St. Rep. 252]; *Sherman* v. *Railway,* 64 N. Y. 254; *Balt. & O. Ry.* v. *Hubbard,* 72 Ohio St. 302 [74 N. E. Rep. 214]; *Central of Georgia Ry.* v. *Murphey,* 196 U. S. 194 [25 Sup. Ct. Rep. 218; 94 L. Ed. 444]; *Faulkner* v. *Hart,* 82 N. Y. 413 [37 Am. Rep. 574]; *Mynard* v. *Railway,* 71 N. Y. 180 [27 Am. Rep. 28]; 5 Am. & Eng. Enc. Law (2 ed.) 280; *Hudson* v. *Baxendale,* 2 Hurl. & Nor. 575; *Keystone* v. *Moyes,* 28 Mo. 243 [75 Am. Dec. 123]; *Hull* v. *Railway,* 60 Mo. App. 593; *Lesinsky* v. *Great Western Dispatch,* 13 Mo. App. 576; *Weed* v. *Barney,* 45 N. Y. 344 [6 Am. Rep. 96]; *Kremer* v. *Express Co.* 46 Tenn. (6 Coldw.) 356; *Zinn* v. *Steamboat Co.* 49 N. Y. 442; *American M. U. Exp. Co.* v. *Wolf,* 79 Ill. 430; *American Sugar Refining Co.* v. *McGhee,* 96 Ga. 27 [21 S. C. Rep. 383]; *Green & B. R. Nav. Co.* v. *Marshall,* 48 Ind. 596; *Lake Erie & W. Ry.* v. *Hatch,* 52 Ohio St. 408 [39 N. E. Rep. 1042]; *Myrick* v. *Railway,* 107 U. S. 102 [1 Sup. Ct. Rep. 425; 27 L. Ed. 325]; *Moore,* Carriers 266, 267; *Fisk* v. *Newton,* 1 Denio (N. Y.) 45 [43 Am. Dec. 649]; *Manhattan Rubber Shoe Co.* v. *Railway,* 9 App. Div. 172 [41 N. Y. Supp. 83]; *Hudson* v. *Baxendale,* 2 Hurl. & Nor. 574; *Cook* v. *Railway,* 58 Barb. (N. Y.) 312; *Wilson* v. *Railway,* 94 Cal. 166 [29 Pac. Rep. 861; 17 L. R. A. 685]; 3 Am. & Eng. Enc. Law (2 ed.) 733, 746; *Read* v. *Spaulding,* 30 N. Y. 630 [86 Am. Dec. 426]; *Michaels* v. *Railway,* 30 N. Y. 564 [86 Am. Dec. 415]; *Deming* v. *Cotton-Press & Storage Co.* 90 Tenn. 306 [17 S. W. Rep. 89; 13 L. R. A. 518]; *Burlington & M. Ry.* v. *Arms,* 15 Neb. 69 [17 N. W. Rep. 351]; *Burlington & M. Ry.* v. *Arms,* 15 Neb. 69 [17 N. W. Rep. 351]; *Tarbell* v. *Royal Exch. Ship. Co.* 110 N. Y. 170 [17 N. E. Rep. 721; 6 Am. St. Rep. 350]; *Scheu* v. *Benedict,* 116 N. Y. 510 [22 N. E. Rep. 1073; 15 Am. St. Rep. 426]; *Becker* v. *Railway,* 109 App. Div. 230 [96 N. Y. Supp. 1]; *Mynard* v. *Railway,* 71 N. Y. 180 [27 Am. Rep. 28]; *Westcott* v. *Fargo,* 61 N. Y. 542 [19 Am. Rep. 300]; *Alexander* v. *Greene,* 7 Hill (N. Y.) 533; *Wells* v. *Navigation Co.* 8 N. Y. 375; *Nicholas* v. *Railway,* 89 N. Y. 370; *Aaronson* v. *Railway,* 52 N. Y. Supp. 95 [23 Misc. 660]; *Fairfax* v. *Railway,* 67 N. Y. 11; *Sherman* v. *Railway,* 64 N. Y. 254; *McKinney* v. *Jewett,* 24 Hun 19, affirmed *McKinney* v. *Jewett,* 90 N. Y. 267; *Hirsch* v. *Platt,* 89 N. Y. Supp. 362; *Security Trust Co.* v. *Wells, Fargo & Co.* 81 App. Div. 426 [80 N. Y. Supp. 830], affirmed, 178 N. Y. 620 [70 N. E. Rep. 1109]; *Rathbone* v. *Railway,* 140 N. Y. 48 [35 N. E. Rep. 418]; *Wheeler* v. *Steam Nav. Co.* 125 N. Y. 155 [26 N. E. Rep. 248; 21 Am. St. Rep. 729]; *Kenney* v. *Railway,* 125 N. Y. 422 [26 N. E. Rep. 626]; *Westcott* v. *Fargo,* 65 Barb. (N. Y.)

Freiberg v. Railway.

349; *Ghormley* v. *Dinsmore,* 51 N. Y. Supr. 196; *Baltimore & O. Ry.* v. *Hubbard,* 72 Ohio St. 302 [74 N. E. Rep. 214]; *Falkenburg* v. *Railway,* 59 N. Y. Supp. 44; *Frankfort* v. *Weir,* 83 N. Y. Supp. 112; *Goodwin* v. *Insurance Co.* 73 N. Y. 480; *Wabash Ry.* v. *Brown,* 152 Ill. 484 [39 N. E. Rep. 273]; *Chicago & A. Ry.* v. *Grimes,* 71 Ill. App. 397; *Hudson* v. *Railway,* 92 Ia. 231 [60 N. W. Rep. 608; 54 Am. St. Rep. 550]; *Massengale* v. *Telegraph Co.* 17 Mo. App. 257; *Clev. C. C. & St. L. Ry.* v. *Heath,* 22 Ind. App. 47 [53 N. E. Rep. 198]; *Hess* v. *Railway,* 40 Mo. App. 202; *Soper* v. *Railway,* 113 Mich. 443 [71 N. W. Rep. 853]; *Rice* v. *Railway,* 63 Mo. 314; *Illinois Cent. Ry.* v. *Bogard,* 78 Miss. 11 [27 So. Rep. 879]; *Jacobson* v. *Express Co.* 1 Circ. Dec. 212 (1 R. 381), affirmed, *Adams Exp. Co.* v. *Jacobson,* 24 Bull. 496; *New York Life Ins. Co.* v. *Eggleston,* 96 U. S. 572 [24 L. Ed. 841].

**Harmon, Colston, Goldsmith & Hoadly,** for defendant.

SWING, J.

This was an action in the superior court of Cincinnati, brought by the plaintiffs in error against the defendant companies for the value of five barrels of whiskey which had been shipped by the plaintiffs over the railways of the defendants to one Hanley at the city of Buffalo, N. Y. A jury was waived, and the cause was submitted to the court and judgment was rendered for the defendants. It is here on error to this judgment. The question is one of law as the facts are not disputed. The facts are in the main as follows:

On July 24, 1902, the plaintiffs delivered to the C. C. C. & St. L. Railway Co., commonly called the "Big Four Railway Company," five barrels of whiskey consigned to James K. Hanley, Buffalo, N. Y., and received from the railway company the usual bill of lading. The "Big Four" Company transported the whiskey to the city of Cleveland, and there delivered the whiskey to the "Nickel Plate" Railway Company, a connecting line, defendant herein, which said company transported said whiskey to the city of Buffalo, where it arrived about August 1, 1902. Hanley was promptly notified of the arrival of the whiskey by the "Nickel Plate," but paid no attention to the notice and did not receive the whiskey, whereupon within a few days the railway company placed the same in a warehouse where it remained until destroyed by fire on June 7, 1903. The plaintiffs were not notified by the railway company that Hanley refused to receive the whiskey. The plaintiffs claim to have sold the whiskey to Hanley on four months' time. At the end of that time they drew on Hanley for the value of the whiskey. The bank through which the draft was drawn notified Hanley, and in reply

he said: "I never ordered nothing from them people and received nothing." This reply was sent to the plaintiffs on December 26, 1902. On the same day the plaintiffs wrote the Big Four Railway Company a letter as follows:

"Cincinnati, Dec. 26, 1902.

"Freight Agent, C. C. C. & St. L. Ry. Co.

"Dear Sir: Enclosed please find copy of bill of lading for our ·shipment of July 24, consigned to James K. Hanley, Buffalo, N. Y. We are today informed by consignee that he had never received these goods, and we will thank you therefore to kindly send tracer after this ·shipment at once and report delivery to us here. Trusting you will give this your immediate attention, we remain

"Very truly yours,

"Sig & Sol Freiberg."

To this letter no reply was made by the railway company and apparently no attention was paid to it. Afterward the plaintiffs wrote to Big Four as follows:

"Cincinnati, Jan. 21, 1903.

"Mr. F. P. ·Boisseau, Agent, C. C. C. & St. L. Ry. Co.

"Dear Sir: On December 26 we sent you copy of bill of lading for our shipment of July 24, consigned to James K. Hanley, Buffalo, N. Y., requesting you to have this shipment traced and report delivery to us here. We have written you several times since that date in reference to this matter, but have no reply from you. Kindly trace this shipment immediately and report delivery to us here. Awaiting your reply, we remain

"Very truly yours,

"Sig & Sol. Freiberg."

To this letter the following reply was sent:

"Cincinnati, Jan. 23, 1903.

"Messrs. Sig & Sol Freiberg.

"Gentlemen: Replying to your ·favor dated January 21, wherein you refer to your letter of December 26, enclosing us copy of your bill of lading covering shipment of July 24, consigned to James K. Hanley,. Buffalo, N. Y., requesting that we have this shipment traced ·and report delivery to you.

"Your letter with a copy of bill of lading was endorsed to Mr. ·George Metzger, our division freight agent, as this office does not do

Freiberg v. Railway.

any tracing whatever for shipments delayed in transportation. If hereafter when you desire a shipment traced you will address Mr. Metz-ger or Mr. N. R. Johnson, our general freight agent, at Fourth and Vine, it will receive prompt attention. I have referred your letter of the twenty-first to Mr. Metzger.

"Yours truly,

"F. P. Boisseau, F. C. A."

No further attention was paid by the railway company to this matter and the plaintiffs wrote the railway company as follows:

"Cincinnati, Feb. 19, 1903.

"Mr. F. P. Boisseau, C. C. C. & St. L. Ry. Co., City.

"Dear Sir: Enclosed please find original bill of lading for our shipment July 24, consigned to James K. Hanley, Buffalo, N. Y. Mr. Hanley informed us that he has never received this shipment, and we therefore instructed you several times to trace this shipment and report delivery to us here. As you failed to comply with our request, we beg to make claim to this shipment and enclose herein copy of original invoice and our bill for the shipment. Kindly send us claim number at your earliest convenience.

"Trusting this claim will be speedily adjusted, we remain

"Very truly yours,

"Sig & Sol Freiberg."

On February 24, 1903, the C. C. C. & St. L. Railway, through Mr. F. P. Boisseau, acknowledged the receipt of this letter and gave the number of the claim and asked them to refer to the number given in subsequent communications. Afterwards the railway company sent the following letter to plaintiffs:

"Cincinnati, Aug. 5, 1903.

"Messrs. Sig & Sol Freiberg.

"Gentlemen: We respectfully return you herewith your claim presented against us for $335.76, account of loss on whiskey to James K. Hanley, Buffalo, N. Y. We have carefully investigated the handling of this shipment and find the same was delivered to the N. Y. C. & St. L. at Cleveland under date of July 29. Mr. James Webster, of the N. Y. C. & St. L., has returned claim papers advising that repeated notices were mailed to consignee of the arrival of the shipment, but no re-

sponses were received by them. The shipment was finally placed in storage with the Buffalo Storage & Crating Company, where it was destroyed by fire on June 7, and it is found that the storage company carried no insurance whatever on any of the property stored by them. Under the circumstances the N. Y. C. & St. L. R. R. refuse to entertain your claim, and as we are in no way responsible would thank you to cancel your bill against this company and allow us to close our records.

"Yours truly,

"F. P. Boisseau, F. C. A."

The defendants filed answers setting up five defenses. The . N. Y. C. & St. L. Railway Co. said it was not asked to trace the goods by plaintiff, and that it had notified the consignee of the arrival of the goods and after four days it had placed the goods in the warehouse, and that it had done all that in law it was required to do.

The plaintiffs were not notified that the goods were delivered to the N. Y. C. & St. L. Ry. Co. by the "Big Four" until so informed by the letter of August 5, 1903.

We do not deem it expedient to consider here the question whether it is incumbent on a railway company to notify the consignor when the consignee refuses to take the goods, for the reason that it does not determine any question in this case. Nor do we think there is here any question as to the duty resting on a railway company after the consignee refuses to take the goods. We consider it settled law that the railway company had the right to place the goods in a warehouse, and change its relation of carrier to that of bailee, and its responsibility as to the goods after that is such as the law places on a bailee. The rights of plaintiffs, if they have any, do not rest on the question whether the railway company wrongfully placed the goods in a warehouse.

We regard it as settled law that upon the failure of the consignee to receive goods shipped to him the title to the goods is in the consignor, and that he has the right to repossess him of the goods and that it is the duty of the railway company to reship the goods to the consignor upon his demand, subject to reasonable regulations by the railway company as to the payment of charges, etc. According to the evidence in this case the goods were always the property of plaintiffs. Hanley says he never bought the whiskey. Upon receipt of knowledge by the plaintiffs that the goods had not been delivered to Hanley, the defendant was notified to trace the goods and return them to plaintiffs, but it was more than seven months before the defendants informed plaintiffs as to what had become of these goods. The goods had in fact been de-

Freiberg v. Railway.

stroyed by fire more than five months after the company had been asked to trace and return the goods.

Ordinarily questions as to what railway companies should do under circumstances of this kind are questions of fact to be left to the jury, but where they admit of but one conclusion they become questions of law for the court.

When plaintiffs informed the defendants that they wanted the goods traced and reported to them, the demand was a right they had. It was a duty resting on the railway company to comply with this demand. It made no claim at the time that it was not a duty resting upon it. It received the request and apparently acquiesced in it, and apparently did nothing, although repeatedly urged by plaintiffs. It is not claimed by defendants that it was not within their power to trace the goods or to return them until the goods were destroyed.

We think the defendants had ample time in which to trace the goods and return them. The goods were destroyed long after they should have been returned to plaintiffs, and we think they should be held liable for their loss.

Judgment reversed and judgment for plaintiff.

**Giffen** and **Smith, JJ.,** concur.